HENRY W. BISHOP, Receiver, Appellant, v. J. M. HART
AND MARY B. WETHERILL.

Payment: APPLICATION: *Jury question.* Defendant on making a
payment to plaintiff on account, directed that the money should
be applied to bills which had been guaranteed by his co-defend-
ant, and it was so applied. Subsequently defendant made other
1   payments to a bank to take up sight drafts drawn by plaintiff.
Plaintiff received but one letter containing directions as to the
application of payments, and the subsequent payments were
applied on ungauranteed bills, and a suit instituted on a bal-
ance due on those guaranteed. *Held,* that the evidence was not
sufficient to justify the direction of a verdict for defendant,
since the question whether there was an application of pay-
ments as claimed by defendant was for the jury.

Plea and Proof: EXTENSION OF TIME OF PAYMENT: *Guaranty.* In
the absence of a plea that a creditor had extended the time of
2   payment without the guarantor's consent, evidence of such ex-
tension was irrelevant.

*Appeal from Carroll District Court.*—HON. S. M. ELWOOD,
Judge.

SATURDAY, MAY 18, 1901.

ACTION to recover the balance of the purchase price of
goods sold and delivered to defendant Hart, payment of
which was guaranteed by the defendant Wetherill. At the
conclusion of the trial the court directed a verdict for de-
fendants, and plaintiff appeals.—*Reversed.*

*Lee & Robb* for appellant.

*C. E. Reynolds* for appellee.

DEEMER, J.—The motion was based on the ground that the uncontradicted evidence showed payment of the bill by the defendant Hart. The issues involve the doctrine of the application of payments. The rules with reference thereto are well understood, and not disputed. Hart made payments from time to time, and claims that he directed application thereof to the items of account sued upon, while plaintiff, admitting the payments, claims that, except as to one item, no direction was given as to how they should be applied; that this payment was applied as directed; and that he credited other payments on items of account not sued for in this action. If defendant Hart directed the application of payments as claimed, then his motion was properly sustained. But, if he gave no direction, the creditor had the right to make such application as he saw fit, and in the absence of application by either, the court will make them in accordance with its views of the equity of the case, and in general will apply the payments to the unsecured rather than to the secured, items. This general rule is also subject to some exceptions that need not be stated. The motion was evidently sustained on the theory that the uncontradicted evidence established a direction by Hart regarding the application of the payments at the time he made them. If he gave any such direction, it must have been by letter; for plaintiff lives in Chicago, and defendant in Carroll, Iowa. That he did give such direction when he made his first payment of $200 is conceded, and that payment was applied as directed. He also claims that (and we quote from his evidence) "some of the money was received from Mary B. Wetherill, for the purpose to apply on a guarantied bill. I told them by letter to apply the money or draft which I

sent them on guarantied bill, which was on November 16 and December 16, 1895, which overpaid the guarantied bill." Taken alone, this evidence would seem to be sufficient to establish defendants' claim. But plaintiff's evidence tended to show that it received but one letter from defendant Hart, and that it contained a direction as to the application of the proceeds of a draft amounting to $200 which accompanied the letter, and had no reference to future payments. The next payment made by Hart, which he claims satisfied the guarantied account, was to a bank in Carroll, to take up a sight draft drawn on him by his creditor in Chicago, and there is no evidence that he gave any direction to the bank as to the application of the payment, and nothing but the general statement we have quoted which tends to show that he at that time wrote any letter directing how the payment should be applied. His next payment was made in the same manner and under the same circumstances. In view of the manner in which the payments were made, and plaintiff's evidence regarding the receipt of letters from the defendant, and the application of payments made by it, it would seem to be a fair question for the jury to determine whether or not there was an application of payments as claimed, and that the court erred in directing a verdict for the defendants.

II. Another ground of the motion to direct, especially applicable to defendant Wetherill, was that plaintiff, without her consent, had extended time to defendant Hart on the guarantied bills. It is enough to say with reference to this claim that no such defense was pleaded. In the absence of such a plea, the evidence of extension of time was wholly irrelevant to the issues, and the motion should not have been sustained on this ground. Aside from this, the evidence was not so conclusive as to justify the ruling of the trial court. The case on this proposition is ruled by *Manning v. Alger,* 78 Iowa, 191. The case should have gone to the jury for its determination of the merits of the issues of fact presented.—REVERSED.